Filed 8/29/23  P. v. Williams  CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSEPH RAHEEM WILLIAMS,<br><br>  Defendant and Appellant. | C098093<br><br>(Super. Ct. No. 08F01226) |

Defendant Joseph Raheem Williams appeals the trial court's denial of his petition for resentencing under Penal Code former section 1170.95 (now section 1172.6).[1] Appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).)

On May 18, 2023, we notified defendant that (1) counsel had filed a brief indicating that no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth

---

[1] Undesignated statutory references are to the Penal Code.  Defendant originally filed his petition under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change.  (See Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout this opinion.

1

in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we notified defendant that if we did not receive a letter or brief within that 30-day period, we may dismiss the appeal as abandoned.

Defendant filed a supplemental brief. Having considered it, we will affirm the trial court's order.

## BACKGROUND

After defendant shot and killed a man during a dispute in front of a hotel (*People v. Williams* (May 29, 2014, C068754) [nonpub. opn.] (*Williams*), a jury found defendant guilty of voluntary manslaughter (§ 192, subd. (a)) as a lesser included offense to second degree murder and found true an allegation that he intentionally and personally used a firearm during the offense (§ 12022.5, subd. (a)). The jury also found defendant guilty of being a felon in possession of a firearm (former § 12021, subd. (a)(1)), and defendant admitted a prior prison term enhancement allegation (§ 667.5, subd. (b)).

The trial court sentenced defendant to 22 years in state prison. This court affirmed the judgment. (*Williams, supra*, C068754.)

In June 2022, defendant petitioned for resentencing under section 1172.6 and requested the appointment of counsel. The petition alleged that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice was imputed to a person based solely on that person's participation in a crime; that he was convicted of manslaughter following a trial at which he could have been convicted of murder; and that he could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019.

The trial court appointed counsel, received briefing from the parties, and held a hearing. The People argued defendant failed to make a sufficient prima facie showing because the record of conviction, including the verdicts and jury instructions, established

2

that the jury had not been instructed on felony murder, aiding and abetting principles, or any theory of imputed malice. They attached the jury instructions, verdict forms, and this court's prior opinion. Defense counsel objected to the trial court relying on the factual summary in this court's prior opinion to make a prima facie determination, arguing defendant had met his prima facie burden under the statute.

The trial court denied the petition, concluding that defendant failed to make a prima facie showing of entitlement to relief. The trial court found that the record of conviction, including the charging documents and the jury instructions, showed defendant alone was charged with murdering the victim and that the jury was not instructed on felony murder, aiding and abetting, or other theory of imputed intent.

## DISCUSSION

In *Delgadillo*, the California Supreme Court concluded that *Wende* review is not required for a trial court's order denying a petition for postconviction relief under section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) Instead, where a defendant has filed a supplemental brief in such a case, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to independently review the entire record to identify unraised issues, although it may exercise its discretion to do so. (*Id*. at p. 232.)

In his supplemental brief, defendant does not claim the trial court erred in denying his petition. Rather, he claims he did not intend to hurt the victim, and he asks us for any relief we might provide, such as reducing the time imposed for the enhancements.

The trial court did not err in denying the petition at the prima facie stage. Section 1172.6 precludes relief where the record of conviction shows a defendant was the sole perpetrator and actual killer. In *Delgadillo, supra*, 14 Cal.5th at page 233, the Supreme Court determined the defendant was not entitled to relief under section 1172.6 because he was the actual killer and the only participant in the killing. (See also *People*

3

*v. Garcia* (2022) 82 Cal.App.5th 956, 969; *People v. Harden* (2022) 81 Cal.App.5th 45, 47-48.)

Here, the jury was not instructed on felony murder, aiding and abetting, or other theory in which malice is imputed. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 102.) The jury acquitted defendant of second degree murder but found him guilty of the lesser included offense of voluntary manslaughter. The jury found that defendant actually killed the victim. As the actual killer, defendant is not entitled to relief. (§ 1172.6; *Delgadillo, supra*, 14 Cal.5th at p. 233.) According to the record of conviction, nobody else was charged with killing the victim.

Defendant's comments regarding the enhancements are not cognizable in this appeal. Only the propriety of the trial court's section 1172.6 determination is properly before us. (See *People v. Strong* (2022) 13 Cal.5th 698, 713-714.)

DISPOSITION

The order denying defendant's petition for resentencing under section 1172.6 is affirmed.

/S/
MAURO, J.

We concur:


/S/
HULL, Acting P. J.


/S/
HORST, J.[*]

---

[*] Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4